Filed 3/28/17

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| SHAWN J. MELCHER,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF CALAVERAS COUNTY,<br><br>Respondent;<br><br>THE PEOPLE,<br><br>Real Party in Interest. | C079225<br><br>(Super. Ct. No. 15F6524) |

ORIGINAL PROCEEDING in mandate and prohibition. Stay issued. Petition denied. Thomas A. Smith, Judge. (Retired judge of the Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

No appearance for Respondent.

Calaveras County Public Defender, Richard Ciummo & Associates, Scott J. Gross, and Steven Rechter for Petitioner.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman & Angelo S. Edralin, Deputy Attorney Generals for Real Party in Interest for Real Party in Interest.

1

Before the trial court, petitioner Shawn J. Melcher moved to recuse the Calaveras County District Attorney's office from prosecuting a criminal action against him because the victim of his alleged crime is the district attorney's husband. The trial court denied the motion, ruling petitioner failed to show the conflict of interest was so grave he was unlikely to receive fair treatment. Petitioner sought writ relief from our court. We conclude the trial court did not abuse its discretion and we deny the petition. The mere fact the victim and the district attorney are married does not establish a disabling conflict where there is no evidence she has influenced the prosecution, an ethical wall prevents the district attorney from influencing the case, and the district attorney waives any rights to participate in the case as a victim or a member of the victim's family.

## BACKGROUND INFORMATION

A criminal complaint charged petitioner with two counts of assault with a deadly weapon on a peace officer and other crimes. (Pen. Code, §§ 245, subd. (c); 243, subd. (e)(1); Veh. Code, § 2800.2.) One of petitioner's alleged assault victims is Alan Serpa. Serpa's wife, Barbara M. Yook, is the Calaveras County District Attorney.

By noticed motion, petitioner moved to recuse the district attorney's office pursuant to Penal Code section 1424 (section 1424).[1] He contended the district attorney's conflict of interest made it unlikely he would receive fair treatment. Petitioner argued that, as the victim's spouse, the district attorney would enjoy rights under Marsy's Law, part of the state Constitution's Victim's Bill of Rights. (Cal. Const., art. I, § 28, subd. (b).) Those rights include the right (1) to have the safety of the victim and the victim's family considered when fixing defendant's amount of bail and release conditions; (2) to provide information to a probation official concerning the offense's impact on the victim and the victim's family and any sentencing recommendations; and

---

[1] Citations to undesignated sections are to the Penal Code.

2

(3) to have the safety of the victim, the victim's family, and the general public considered before any parole or other postjudgment release decision is made. (*Id*. at subds. (b)(3), (10), (16).)

Petitioner claimed he was unlikely to receive fair treatment because the district attorney will be unable to exercise her discretionary function in an evenhanded matter while being treated as a victim. He asserted if the trial court did not grant his motion, the district attorney would be both prosecutor and victim throughout this case's prosecution. She or one of her deputies will make appearances even though she may be called to testify as a victim on matters relating to bail, custody, sentencing, and postjudgment release.

The People opposed the motion. Deputy District Attorney Seth Matthews, who executed the complaint against petitioner, submitted the opposition and a declaration under penalty of perjury. He argued petitioner failed to demonstrate the conflict of interest was so grave as to render it unlikely he would receive fair treatment. Matthews asserted he was sufficiently insulated from the district attorney. The district attorney assigned the case to him. She instructed him to make a charging decision and to work under the supervision of the California Attorney General's office. She also informed Matthews she and he would implement a "Chinese wall" (also known as an "ethical wall") in their office to prevent her from having any input into his decisions on the case.

Matthews claimed petitioner failed to show the ethical wall would not be effective in eliminating possible unfairness. As directed by the district attorney and because of the ethical wall, Deputy Attorney General Michael Canzoneri supervised Matthews on this case. He approved Matthews' decision to charge petitioner.

Matthews also argued his employment did not necessarily prevent petitioner from receiving fair treatment. He testified he is not an "at-will" employee, and he can be dismissed only for cause. Thus, any pressure he may feel from the district attorney to get a particular result in this case "seems insignificant" to him.

3

Matthews asserted in his points and authorities that when petitioner filed his motion to recuse, he may not have known Matthews was being supervised by a deputy attorney general. Matthews stated on the record on March 27, 2015, that he was being supervised by Deputy Attorney General Canzoneri. Petitioner filed his motion on March 25, 2015.

At the hearing on the motion, Assistant District Attorney Dana Pfeil appeared on behalf of the People and in place of Matthews. She stipulated the district attorney and the victim are married. She agreed the district attorney was a victim under Marsy's Law and could exercise those rights. However, she asserted the district attorney would not exercise her rights because she did not want to insert herself into the prosecution. Pfeil also stated there were seven attorneys in the district attorney's office.

The trial court did not order an evidentiary hearing and denied the motion to recuse. The court found there was a conflict of interest. As a result, the "only issue is whether the mechanics that have been in place overcome that conflict so that . . . the District Attorney can still represent the People in this case." The court concluded they do. It found the district attorney from very early on took no role in the case. She assigned Matthews to make all charging decisions. She referred Matthews to a supervising deputy attorney general with whom to consult on all aspects of the case. She also established an ethical wall between her and Matthews.

The court also determined the district attorney had no personal involvement in the case. It found no evidence the prosecution would call her as a witness. It also found no evidence anyone had breached the ethical wall. The court denied the motion because the district attorney's office "is performing its discretionary function in an even-handed manner."

Petitioner sought writ relief. We stayed the underlying prosecution and issued an order to show cause.

4

DISCUSSION

"We review the trial court's decision to deny a recusal motion . . . only for an abuse of discretion. (*Hollywood v. Superior Court* (2008) 43 Cal.4th 721, 728-729.) Accordingly, we must determine whether the trial court's findings were supported by substantial evidence and whether, in turn, those findings support the decision to deny recusal. (*People v. Vasquez* (2006) 39 Cal.4th 47, 56.)" (*People v. Gamache* (2010) 48 Cal.4th 347, 361-362.)

Section 1424 establishes the standard governing motions to recuse a prosecutor. The motion "may not be granted unless the evidence shows that a conflict of interest exists that would render it unlikely that the defendant would receive a fair trial." (§ 1424, subd. (a)(1).)[2] "[A] 'conflict' exists, for purposes of section 1424, 'whenever the circumstances of a case evidence a reasonable possibility that the [district attorney's] office may not exercise its discretionary function in an evenhanded manner.' (*People v. Conner* (1983) 34 Cal.3d 141, 148.) Moreover, 'there is no need to determine whether a conflict is "actual," or only gives an "appearance" of conflict.' (*Ibid.*)" (*Packer v. Superior Court* (2014) 60 Cal.4th 695, 709.)

There is no dispute the district attorney's marriage to the victim created a conflict of interest in this case. "However, the mere existence of a conflict, by itself, is not sufficient to require recusal of the district attorney. (*People v. Eubanks* (1996) 14 Cal.4th

---

**2** The statute reads in relevant part: "Notice of a motion to disqualify a district attorney from performing an authorized duty . . . shall contain a statement of the facts setting forth the grounds for the claimed disqualification and the legal authorities relied upon by the moving party and shall be supported by affidavits of witnesses who are competent to testify to the facts set forth in the affidavit. The district attorney or the Attorney General, or both, may file affidavits in opposition to the motion and may appear at the hearing on the motion and may file with the court hearing the motion a written opinion on the disqualification issue. The judge shall review the affidavits and determine whether nor not an evidentiary hearing is necessary. The motion may not be granted unless the evidence shows that a conflict of interest exists that would render it unlikely that the defendant would receive a fair trial. . . ." (§ 1424, subd. (a)(1).)

5

580, 594.) Section 1424 does not authorize disqualification merely because the defense has shown that the prosecutor's involvement 'would be unseemly, would *appear improper*, or would tend to reduce public confidence in the impartiality and integrity of the criminal justice system.' (*Eubanks,* at p. 592.) Instead, it is defendant's burden to allege facts which, if credited, establish: (1) a 'conflict of interest,' and (2) that the conflict is 'so grave as to make a "fair trial" unlikely.' (*Id.* at p. 593.)[3] 'Thus, the first half of the inquiry asks only whether a "reasonable possibility" of less than impartial treatment exists, while the second half of the inquiry asks whether any such possibility is so great that it is more likely than not the defendant will be treated unfairly during some portion of the criminal proceedings.' (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 713.)" (*Packer v. Superior Court, supra,* 60 Cal.4th at pp. 709-710, original italics.) "[T]he potential for prejudice to the defendant—the likelihood that the defendant will not receive a fair trial—must be real, not merely apparent, and must rise to the level of a *likelihood* of unfairness." (*People v. Eubanks, supra,* 14 Cal.4th at p. 592, original italics.)

Petitioner's showing of the conflict's gravity "must be especially persuasive when [he] seeks to recuse an entire prosecutorial office and not simply a particular prosecutor. [Citations.]" (*People v. Hamilton* (1988) 46 Cal.3d 123, 139, disagreed with on another ground in *People v. Eubanks, supra,* 14 Cal.4th at p. 590.) Recusing an entire prosecutorial office "is a disfavored remedy that should not be applied unless justified by a substantial reason related to the proper administration of justice." (*Millsap v. Superior*

---

**3**     Although the statute refers to a "fair trial," the Supreme Court has "recognized that many of the prosecutor's critical discretionary choices are made before or after trial and have hence interpreted section 1424 as requiring recusal on a showing of a conflict of interest ' "so grave as to render it unlikely that defendant will receive fair treatment *during all portions of the criminal proceedings.*" ' ([*People v. Eubanks, supra,* 14 Cal.4th] at p. 593, quoting *People v. Conner, supra,* 34 Cal.3d at p. 148.)" (*People v. Vasquez, supra,* 39 Cal.4th at p. 56, original italics.)

6

*Court* (1999) 70 Cal.App.4th 196, 201.) "If a defendant seeks to recuse an entire office, the record must demonstrate 'that the conduct of any deputy district attorney assigned to the case, or of the office as a whole, would likely be influenced by the personal interest of the district attorney or an employee.' ([*People v. Vasquez, supra,* 39 Cal.4th] at p. 57.)" (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 373.)

We conclude the trial court did not abuse its discretion in denying petitioner's motion to recuse. Substantial evidence supports its determination that no one in the district attorney's office assigned to the case is likely to be influenced by the district attorney's personal interest in the matter. First, the uncontested evidence demonstrates the district attorney recused herself. Other than to assign the case to Matthews, she has had no personal involvement with the case. Second, the district attorney has exercised no discretion in the case's prosecution. Matthews charged the case and continued to prosecute it under the supervision of a deputy attorney general.

Third, the district attorney established an ethical wall that no evidence shows anyone has breached. Ethical walls are an accepted means of reducing the likelihood of a disabling conflict. (See *People v. Gamache, supra,* 48 Cal.4th at pp. 365-366 [denial of motion to recuse upheld in part because district attorney established ethical wall between office that employed crime victim and office that would prosecute the crime]; *People v. Choi* (2000) 80 Cal.App.4th 476, 481-483 [recusal of district attorney's office upheld where evidence showed ethical wall failed to prevent conflicted district attorney from discussing the case with the press and with others in his office].)

Fourth, there is no evidence the district attorney will testify at trial. Petitioner speculates she might, but it is unlikely. She did not witness the assault or investigate the case. She has no evidence to provide concerning petitioner's guilt. (See *People v. Hernandez* (2003) 30 Cal.4th 835, 853-854, disapproved on another ground by *People v. Riccardi* (2012) 54 Cal.4th 758, 824, fn. 32 [trial court properly recused supervising prosecutor who investigated the crime scene and could be called as a witness, but defense

counsel not incompetent for not moving to recuse entire office based on prosecutor's participation].)

Petitioner contends the district attorney has rights under Marsy's Law which the trial court may consider and because of which he may call her to testify. The district attorney, however, has waived those rights. When Assistant District Attorney Pfeil appeared at the hearing on petitioner's motion, she informed the court the district attorney had decided not to exercise her rights under Marsy's Law so as not to insert herself into the prosecution. She thus will express no views on the court's decisions regarding bail, sentencing, and probation.

Even without the waiver, and more importantly, "a next-of-kin impact statement is not evidence presented by the prosecution, and the victim's family has the right to make such a statement regardless of the prosecutorial agency that handles the case. [Citations.]" (*People v. Petrisca* (2006) 138 Cal.App.4th 189, 198.)

Fifth, there is no evidence any of the deputy attorneys in the office have been influenced by the district attorney's interest in the case. Influence on a continuing prosecution is a major factor courts consider when determining whether to recuse a district attorney or her office. (See *Packer v. Superior Court, supra,* 60 Cal.4th at pp. 699, 709-711 [no recusal required where prosecutor's children know defendant and may be called to testify, but evidentiary hearing on recusal motion required to address evidence showing the prosecutor influenced his children's testimony and obstructed discovery]; *People v. Vasquez, supra,* 39 Cal.4th 47, 55, 57-58 [recusal of district attorney's office upheld where evidence showed a conflict of interest influenced the prosecution: the prosecuting attorney refused to discuss defendant's request to waive jury trial because defendant was the son of the district attorney office's administrator and stepson of a deputy district attorney].) Here, there is no evidence Matthews has treated or will treat petitioner differently than he treats other defendants merely because of the

district attorney's interest.  Even his employment as a deputy district attorney is protected against her will unless he gives legitimate cause.

The cases on which petitioner relies to support his arguments are distinguishable, as the factors on which the courts relied in those cases to uphold recusal do not exist here. In *People v. Conner, supra,* 34 Cal.3d 141, the Supreme Court affirmed the recusal of a district attorney's office where an armed robbery defendant in a jury holding room stabbed and shot a deputy sheriff, shot at the prosecuting attorney, and escaped briefly. The prosecutor discussed his experience with 10 of the 25 felony prosecutors in his office and described the event to news media where he characterized the defendant as a dangerous felon and an escape risk.  (*Id*. at pp. 144-145.)  The high court ruled the conflict of interest rendered unfair treatment of defendant likely because "an apparent threat to one deputy [in a relatively small office] coupled with his witnessing the serious injury actually inflicted on the deputy sheriff during the same course of events may well prejudice the coworkers of [the prosecutor] and the deputy sheriff."  (*Id*. at pp. 148-149.) In the case before us, there is no evidence suggesting the district attorney witnessed the crime, discussed the matter with her deputies, or described the event and characterized petitioner publicly.

Similarly, in *People v. Choi, supra,* 80 Cal.App.4th 476, the Court of Appeal affirmed the recusal of a district attorney's office where the district attorney discussed a murder case with the press and stated the defendant in that case was involved in the murder of his close friend.  (*Id*. at p. 478.)  The district attorney also sought court permission ex parte to send a letter to the editor after a gag order had been placed on the case.  (*Id*. at pp. 480-481.)  The appellate court found the district attorney's "deep emotional involvement which stemmed from the loss of his close friend . . . prevented him from exercising the discretionary functions of his office in an evenhanded manner." (*Id*. at pp. 481-482, fn. omitted.)  The appellate court upheld recusal of the office because the deputies served at the district attorney's will, the district attorney could not divorce

himself from the case, and an ethical wall that had been erected between the district attorney and the prosecuting attorneys failed. (*Id.* at p. 483.) In our case, there is no evidence the district attorney was so emotionally involved in the case she would interfere with it, and there is no evidence the ethical wall established between her and the other deputies has failed or will likely fail.

We recognize the small size of the district attorney's office could more easily lead to a disabling conflict of interest. The size of the office is a relevant factor to consider. (*People v. Conner, supra,* 34 Cal.3d at p. 148.) A large office can more easily erect ethical walls and insulate the conflict of interest than a smaller office or unit of a larger office. "In most circumstances, the fact one or two employees of a large district attorney's office have a personal interest in a case would not warrant disqualifying the entire office. [Citations.]" (*People v. Vasquez, supra,* 39 Cal.4th at p. 57, fn. omitted; see *People v. Gamache, supra,* 48 Cal.4th at pp. 363, 365 [denial of motion to recuse San Bernardino District Attorney office upheld where office had 122 prosecuting attorneys working in three different offices and where it established an ethical wall between Barstow office that employed crime victim and San Bernardino office that would prosecute the crime]; *People v. Conner, supra,* 34 Cal.3d at pp. 148-149 [court assumed a "commendable camaraderie" existed in the approximate 25-lawyer felony division of Santa Clara County District Attorney's Office, and that was a factor in concluding the defendant's threat to one of the lawyers might likely prejudice the defendant].)

It is also true that the size of the district attorney's office may be irrelevant when the evidence establishes a conflict held by anyone in the office influences how a deputy prosecutes a case. "[W]here the record on the recusal motion indicates that the conduct of any deputy district attorney assigned to the case, or of the office as a whole, would likely be influenced by the personal interest of the district attorney or an employee, the motion is properly granted. [Citations.]" (*People v. Vasquez, supra,* 39 Cal.4th at p. 57 & fn. 2 [Los Angeles County District Attorney's Office recused where prosecuting

10

attorney based strategy in part on fact defendant was son and stepson of an office administrator and a deputy district attorney, respectively, even though office had a staff of nearly 2,000, including 948 deputy district attorneys]; see *People v. Choi, supra,* 80 Cal.App.4th at p. 483 [recusal of San Francisco City and County District Attorney's Office upheld where ethical wall failed to prevent district attorney from injecting himself into prosecution of murder of a close friend].)

While acknowledging these points, we conclude they have no weight here. They have no weight because petitioner introduced no evidence indicating the conflict of interest would likely result in his unfair treatment due either to the size of the office or the possibility of the conflict influencing the prosecution. The district attorney is not a crime victim, she is not a percipient witness, she has exercised no influence over the case, she cannot affect Matthews' employment without cause, and the ethical wall preventing her interference and influence is working.

In every case, we presume the prosecutor has " 'properly and conscientiously discharge[d] [her] duties' [citation], and that '[she] has performed official duty properly [citation]." (*People v. Superior Court (Martin)* (1979) 98 Cal.App.3d 515, 521.) With such an absence of evidence as we have here, we cannot say petitioner has overcome that presumption or that the trial court abused its discretion when it refused to recuse the district attorney's office in this matter.

11

## DISPOSITION

The petition for writ of mandate and prohibition is denied.  The stay order previously issued is vacated and dissolved.

      NICHOLSON    , J.


We concur:


     RAYE         , P.J.


     MAURO       , J.